GEORGE NASH, Plaintiff, *v.* THE INCORPORATED VILLAGE OF SEA CLIFF, Defendant.

County Court, Nassau County, June 23, 1925.

**Villages — injury to volunteer fireman — action for loss of wages and medical expenses arising from injuries suffered by volunteer fireman responding to fire call — fact that fireman was not aboard apparatus does not bar recovery pursuant to General Municipal Law, § 205.**

A volunteer fireman, injured while responding to a fire call in the performance of his duty, is entitled to recover from the defendant, an incorporated village, for the loss of wages and medical expenses arising from said injuries, pursuant to section 205 of the General Municipal Law, where it appears that he was struck by a village fire apparatus while upon the street after an unsuccessful attempt to board another fire apparatus immediately ahead of it.    The fact that the fireman was not actually on the apparatus when injured does not preclude his recovery under said statute.

ACTION for loss of wages and for reimbursement of medical expenses arising from injuries suffered by volunteer village fireman.

*George J. Schneller*, for the plaintiff.

*Dudley Kirton Morris*, for the defendant.

SMITH, J.:

This is an action to recover from the defendant the sum of $391.50 for loss of wages and medical expenses caused by injuries sustained by plaintiff (a volunteer fireman) while going to a fire in performance of his duty as such fireman.

The case is submitted upon an agreed statement of facts, the only question raised being a question of law as to whether or not the defendant is liable.

It appears that during the night of October 11, 1923, an alarm was sounded, and the plaintiff then in bed immediately responded, leaving his home and proceeding to Glen avenue in said village where he intended to board the fire apparatus going to the fire; that the said apparatus slowed down for him to get aboard and the plaintiff attempted to get aboard but was unable to do so and another fire apparatus following the first one struck the plaintiff causing the injuries complained of.

It is contended by defendant that the language in section 205 of the General Municipal Law (added by Laws of 1920, chap. 617, as amd. by Laws of 1921, chap. 190), to wit, " going to a fire on the apparatus," precludes recovery by the plaintiff because at the time of the accident he was not on the apparatus.

I cannot agree with such narrow construction. To apply such reasoning would mean that if the fireman while going to a fire should be thrown or fall from the apparatus and received an injury by another apparatus after he had landed on the street, he could not recover because at the moment of injury he was not on the apparatus.

In other words, I do not believe the Legislature when enacting section 205 of the General Municipal Law, as amended, intended that the right to recover should be limited to cases where at the moment of injury the fireman was actually on the apparatus.

For all practical purposes at the time of the accident in this case the plaintiff " was going to a fire on the apparatus in the performance of duty." That is shown by the fact that he attempted to board the apparatus and the apparatus slowed down to enable him to get aboard. The fact that at the actual moment of receiving injury the plaintiff was upon the street and not actually on the apparatus does not in my opinion change the fact that he was going to the fire on the apparatus.

I, therefore, find the plaintiff is entitled to judgment for the amount claimed and order accordingly.